UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO D. LEWIS and ANTONIO
D. LEWIS, JR., a minor, individually, and
by and through his parents and next friends,
ANTONIO D. LEWIS and MONIQUE
JONES,

    Plaintiffs,

v.                                                                                                          4:05cv268-WS

CITY OF TALLAHASSEE, a municipal entity,
WALT MCNEIL, in his official capacity as
Chief of the Tallahassee Police Department
and individual capacity, APRIL DOUBRAVA,
in her individual capacity, EVAN ALWINE, in
his individual capacity, and TASER
INTERNATIONAL, INC.,

    Defendants.

_____

<u>ORDER GRANTING, IN PART, TASER'S
MOTION TO DISMISS COUNTS 14, 15, 17, 18, 19, AND 20</u>

    On or about June 10, 2004, during the course of an arrest, Tallahassee Police Officer April Doubrava ("Doubrava") allegedly shot Antonio D. Lewis ("Lewis") in the groin with her M26 Advanced Taser. The M26 Advanced Taser is a weapon manufactured by Taser International, Inc. ("Taser"), one of the defendants in this case. Lewis suffered serious and permanent injuries as a result of Doubrava's use of the M26 Advanced Taser.

Lewis and his son, Antonio D. Lewis, Jr. (collectively, "Plaintiffs"), filed this civil rights suit on July 27, 2005, seeking damages for the injuries they sustained as a result of incident of June 10, 2004. Plaintiffs have sued Taser, alleging, *inter alia*, negligent failure to warn (Count 14), negligent design, manufacture, assembly or distribution (Count 15), strict liability failure to warn (Count 16), strict liability manufacturing defect (Count 17), strict liability design defect (Count 18), fraudulent misrepresentation (Count 19), negligent misrepresentation (Count 20), and loss of parental consortium (Count 22).

Before the court at this time is Taser's motion to dismiss Counts 14, 15, 17, 18, 19, and 20. Doc. 48-1.

I.

In Counts 19 and 20, Lewis seeks relief from Taser based on Taser's alleged fraudulent and negligent misrepresentations regarding the M26 Advanced Taser. To state a claim for either fraudulent or negligent misrepresentation under Florida law, Lewis must allege, *inter alia*, that he acted in justifiable reliance upon a misrepresentation of material fact to his detriment. Elders v. United Methodist Church, 793 So. 2d 1038, 1042 (Fla. 3d DCA 2001) (quoting Johnson v. Davis, 480 So.2d 625, 627 (Fla.1985)) (fraudulent misrepresentation); Baggett v. Electricians Local 915 Credit Union, 620 So.2d 784, 786 (Fla. 2d DCA 1993) (negligent misrepresentation). Here, Lewis has not alleged that Taser made any representations, false or otherwise, to him personally; he has not alleged that he knew about any of the alleged false statements included in Taser's operating manuals, written literature, or website; and he has not alleged that he acted in justifiable reliance on any of Taser's purported misrepresentations to his detriment.

Instead, Lewis alleges that he was harmed as a result of the City's reliance, specifically the City of Tallahassee Police Department's reliance--on false statements made by Taser. Because such an allegation--an allegation that *someone else* relied to his detriment on a misrepresentation--is insufficient to state a claim for fraudulent and/or negligent misrepresentation, Taser is entitled to dismissal of Counts 19 and 20.

II.

In Count 14, Lewis seeks relief from Taser based on Taser's alleged negligent failure to warn the City of Tallahassee Police Department about the inherent dangers and/or dangerous propensities associated with the M26 Advanced Taser.[1] Taser seeks dismissal of this count, stating that it "is unaware of any legal duty to warn, on the part of a product manufacturer such as Taser, that extends to criminal arrestees/detainees, such as Plaintiff." Doc. 48-2 at 3.

Under Florida law, the manufacturer of a product inherently burdened with potential danger has the duty to take reasonable precautions to avoid reasonably foreseeable injuries that might result from the use of that product. Tampa Drug Company v. Wait, 103 So.2d 603, 607 (Fla. 1958). The manufacturer's duty, moreover, extends not only to the consumers or users of a product; it also extends to foreseeable

---

[1] According to the TASER International website, "[t]he ADVANCED TASER product uses proprietary technology to incapacitate dangerous, combative, or high-risk subjects that may be impervious to other means, regardless of pain tolerance, drug use, or body size – factors that cause other use-of-force options to have decreased effectiveness. The ADVANCED TASER is among the safest use of force alternative. The ADVANCED TASER uses technology that will stop a focused, goal oriented subject from up to 35 feet away. Taser International Product Information, available at http://www.taser.com/law/product_info/index.htm (last accessed January 24, 2005).

Case No. 4:05cv268-WS

"bystanders" who come within the range of danger.  West v. Caterpillar Tractor Co., 336 So. 2d 80, 89 (Fla. 1976).

Among the duties that a product manufacturer has is the duty to give those who might use the product "a fair and adequate warning of [the product's] dangerous potentialities to the end that the user by the exercise of reasonable care on his own part shall have a fair and adequate notice of the possible consequences of use or even misuse."  Id.  The Florida Supreme Court has described the parameters of this duty as follows:

> The measure of the duty of the distributor of an inherently dangerous commodity is now well established to be the reasonable foreseeability of injury that might result from the use of the commodity. The care exercised in fulfilling this duty is in turn measured by the dangerous potentialities of the commodity as well as the foreseeable uses to which it might be put.

Tampa Drug Co., 103 So. 2d at 607.

A plaintiff who claims a negligent failure to warn of danger must allege, then prove, "that the manufacturer or seller knew, or by the exercise of reasonable care should have known, of the potential danger in the use of the product, and, in the reasonable course of business, should have been able to foresee the possible uses of the product as well as the potential damage or injury that might result from such use."  Advance Chemical Co. v. Harter, 478 So.2d 444, 448 (Fla. 1st DCA 1985), review denied, 488 So. 2d 829 (Fla. 1986).  In this case, Lewis has alleged (1) that Taser "expected and intended the M26 Advanced Tasers to be used by City of Tallahassee Police Officers on citizens of Tallahassee such as persons arrested and/or detained by

the Tallahassee Police Department;" Third Am. Compl. at ¶ 166; (2) that Taser "knew or should have known that the M26 Advanced Taser is inherently dangerous or has dangerous propensities in that it distributes 50,000 volts or 26 watts of electricity to its target subjects for a period of at least five seconds and, as such, can cause permanent injury or death to its target subjects;" id. at ¶ 168; (3) that Taser "owed a duty of reasonable care to foreseeable subject targets of its Taser weapon, such as [Lewis];" id. at ¶ 169; (4) that Taser "breached its duty of reasonable care . . . by negligently failing to warn . . . the City of Tallahassee Police Department and its officers of the inherent dangers and propensities associated with the M26 Taser weapon;" id. at ¶ 170; and (5) that, as a result, he (Lewis) was injured. Such allegations are sufficient to state a claim for negligent failure to warn.

Contrary to Taser's suggestion, it is not fatal to Lewis's claim that he has alleged an injury caused by Taser's failure to warn a third party, rather than Lewis himself, about the inherent dangers and propensities associated with the M26 Advanced Taser. A manufacturer who has a duty to warn a vendee/user of a product's potential dangers and yet fails to do so may be liable for injuries sustained by foreseeable bystanders, including, and perhaps especially, foreseeable *targets* of that product. See Hayes v. Spartan Chem. Corp., 622 So. 2d 1352, 1354 (Fla. 2d DCA 1993) (finding fact issues sufficient to survive a motion for summary judgment in a failure-to-warn case brought by a prospective daycare worker against the manufacturer of a liquid cleaner used by the police department to remove fingerprint ink from the prospective worker's hands); see also Advance Chemical Co. v. Harter, 478 So. 2d at 447-48 (explaining that whether a

product's dangerous propensities are sufficient to trigger a duty to warn is usually a question of fact for the jury to decide). Taser's motion to dismiss Count 14 has no merit and must be denied.

III.

In Count 15, Lewis seeks relief based on Taser's alleged negligent design, manufacture, assembly, and/or distribution of the M26 Advanced Taser. Again, Taser asserts that dismissal is appropriate because "[t]his defendant is unaware of any legal duty, on the part of a product manufacturer such as Taser, that extends to criminal arrestees/detainees, such as Plaintiff." Doc. 48-2 at 5. Again, the court is unpersuaded by Taser's lack-of-duty argument.

Taser also asserts that dismissal is appropriate because "Count 15 does not allege sufficient ultimate facts to state a products liability claim." Doc. 48-2 at 7. The court disagrees. Florida courts have long recognized that a complaint must contain only a short and plain statement of the ultimate facts demonstrating that the plaintiff is entitled to the relief requested. See Fla.R.Civ.P. 1.110(b). In the context of products liability, Florida courts have emphasized that there are four elements that must be alleged to state a cause of action for negligence: namely, (1) a legal duty on the part of the defending party to protect the party seeking relief under the circumstances; (2) negligent failure by the defending party to comply with the duty; (3) injury to the party seeking relief as a result; and (4) damages. See, e.g., Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 860 (Fla. 5th DCA 1996) (citing Simon v. Tampa Electric Company, 202 So.2d 209, 213 (Fla. 2d DCA 1967)). Here, Lewis alleged in Count 15 (1) that Taser, as

the manufacturer of the M26 Advanced Taser, had a duty to protect the targets of its M26 Advanced Taser from unreasonable dangers, (2) that Taser breached that duty by negligently designing, manufacturing, assembling, distributing and/or marketing the M26 Advanced Taser, the result being an unreasonably dangerous product that was, and is, capable of causing permanent injury and/or death; (3) that Lewis suffered permanent injuries in the form of neurogenic bladder and neurogenic erectile dysfunction as a result of the M26 Advanced Taser strike to his groin; and (4) that his damages are in excess of $75,000. These allegations are sufficient to state a claim for negligent product design, manufacture, assembly or distribution.

IV.

In Counts 17 and 18, Lewis asserts claims of strict liability arising from manufacturing defect (Count 17) and design defect (Count 18). Taser contends that Counts 17 and 18 should be dismissed because they are not pleaded with sufficient particularity.

To establish a strict liability claim In Florida, a plaintiff must allege and prove: (1) that the defendant manufactured the product in question; (ii) that the product was defective and unreasonably dangerous; and (iii) the existence of proximate causation between the defect and the plaintiff's injury. <u>Cunningham v. Gen. Motors Corp.</u>, 561 So.2d 656, 659 (Fla. 1st DCA 1990); <u>West v. Caterpillar Tractor Co., Inc.</u>, 336 So.2d 80, 87 (Fla. 1976). There is no requirement that a strict liability claim be pleaded with particularity.

A review of Lewis's third amended complaint reveals that Counts 17 and 18

satisfy the pleading requirements for strict liability claims.  Lewis has alleged (1) that Taser manufactured the M26 Advanced Taser, (2) that the M26 Advanced Taser was defective and unreasonably dangerous because it caused permanent disabling injuries despite Taser's publicized claims that the weapon was designed to incapacitate a target *without* causing permanent injury, and (3) that Lewis suffered neurogenic bladder and neurogenic erectile dysfunction as a result of a strike by an M26 Advanced Taser to his groin.  Taser's argument for dismissal of Counts 17 and 18 is without merit.

V.

For the foregoing reasons, the court finds that Taser's motion to dismiss must be granted in part and denied in part.  Accordingly, it is ORDERED:

1.  Taser's motion to dismiss (doc. 48-1) is GRANTED as to Counts 19 and 20, and these counts are hereby DISMISSED with prejudice.

2.  Taser's motion to dismiss (doc. 48-1) is DENIED as to Counts 14, 15, 17, and 18.

DONE AND ORDERED this January 30, 2006.


      /s William Stafford
     WILLIAM STAFFORD
     SENIOR UNITED STATES DISTRICT JUDGE