UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTONIO D. LEWIS and ANTONIO
D. LEWIS, JR., a minor, individually, and
by and through his parents and next friends,
ANTONIO D. LEWIS and MONIQUE
JONES,

    Plaintiffs,

v.                                                                                                                                                4:05cv268-WS

CITY OF TALLAHASSEE, a municipal entity,
WALT MCNEIL, in his official capacity as
Chief of the Tallahassee Police Department
and individual capacity, APRIL DOUBRAVA,
in her individual capacity, EVAN ALWINE, in
his individual capacity, and TASER
INTERNATIONAL, INC.,

    Defendants.

_____

ORDER GRANTING WALT MCNEIL'S
MOTION TO DISMISS COUNT 12

On or about June 10, 2004, Antonio D. Lewis ("Lewis") was taken into custody and handcuffed by City of Tallahassee Police Officers April Doubrava ("Doubrava") and Evan Alwine ("Alwine"). When Lewis attempted to flee the scene, Alwine chased Lewis down, quickly regaining custody over the already handcuffed Lewis. Doubrava then allegedly shot Lewis in the groin with her M26 Advanced Taser, a weapon

manufactured by Taser International, Inc., one of the defendants in this case.  Lewis suffered serious and permanent injuries as a result of Doubrava's use of the Taser weapon.

Lewis and his son, Antonio D. Lewis, Jr. (collectively, "Plaintiffs"), filed this civil rights suit on July 27, 2005, seeking damages for the injuries they sustained as a result of incident of June 10, 2004.  Plaintiffs have sued both the City of Tallahassee (the "City") and Walt McNeil ("McNeil"), in his official capacity as Chief of the Tallahassee Police Department, alleging that they failed to adequately supervise, train, and manage City of Tallahassee police officers.

Before the court at this time is McNeil's motion to dismiss Count 12 of Plaintiffs' third amended complaint.  In Count 12, Plaintiffs seek relief from McNeil, in his official capacity, for his alleged failure to establish a formal policy as to the proper use of the M26 Advanced Taser and for his alleged failure to adequately supervise, train, and manage Officers Doubrava and Alwine in the appropriate use of force.  In Count 11, Plaintiffs seek relief from the City for the same alleged failures.  McNeil contends that Count 11 and Count 12 are redundant and that Count 12 should be dismissed accordingly.  The court agrees.

It is well-settled that an official capacity suit is essentially a suit against the entity. Kentucky v. Graham, 473 U.S 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (explaining that "[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); Monell v. New York City Dept. of Social Services, 436 U.S. 658,

690, n. 55, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (noting that official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").  Where, as here, a plaintiff makes the same allegations against both a city and a city official in his or her official capacity, courts have routinely dismissed claims against the city officials as being redundant.  See, e.g., Lynch v. Young, 2005 WL 3115172, at *6 (N.D. Ill. Nov.17, 2005) (dismissing official capacity claim against mayor where city was also a defendant); Foulks v. Emery, No. Civ. 04-4122-JLF, 2005 WL 2922365, at *3 (S.D. Ill. Nov. 4, 2005) (dismissing official capacity claims against city police officers where city was also named as a defendant); Mabon v. Kansas City Bd. of Pub. Utils. for the City of Kansas City, No. 03-2181-KHV, 2003 WL 22466157, at *2 (D. Kan. Sept. 5, 2003) (dismissing redundant official capacity claims against municipal officers, explaining that dismissal would streamline the pleadings and promote judicial economy and efficiency).

The court finding merit to McNeil's argument regarding redundancy, it is ORDERED:

1.  Walt McNeil's motion to dismiss (doc. 55) Count 12 of Plaintiffs' third amended complaint is GRANTED.

2.  Count 12 is hereby DISMISSED.

DONE AND ORDERED this January 30, 2006.

          /s William Stafford  
          WILLIAM STAFFORD  
          SENIOR UNITED STATES DISTRICT JUDGE